IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WESLEY JOSEPH VIEIRA                                                              PETITIONER
ADC #158205

v.                                            5:17cv00315-BSM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the Chief District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the Chief District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## I.    INTRODUCTION

On August 12, 2014, Petitioner, Wesley Joseph Vieira, pleaded guilty to one count of first degree sexual abuse and two counts of second degree sexual assault before the Benton County Circuit Court.  (Doc. No. 2 at 1.)  He was sentenced to twenty years in the Arkansas Department of Correction.  (*Id*.)  Since then, Mr. Vieira has failed to file for any form of relief until filing the present Petition on November 29, 2017.  Now, Mr. Vieira alleges that his conviction was invalid because his guilty plea was "not knowingly and intelligently made."  (Doc. No. 2 at 6.)  For the following reasons, I recommend the Petition be dismissed without prejudice.

## II.   ANALYSIS

Mr. Vieira's Petition (Doc. No. 2) is untimely based upon the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA).  Title 28 U.S.C. § 2241 (d)(1) and (2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mr. Vieira pleaded guilty, and, therefore, did not appeal his conviction.[1] The judgment became final on August 12, 2014. (Doc. No. 2 at 1.) Thirty days later, on September 11, 2014, the AEDPA statute of limitations began to run - making September 11, 2015, the last day Mr. Vieira could file a timely federal habeas petition. *See Camacho v. Hobbs*, 774 F.3d 931 (8th Cir. 2015). Mr. Vieira filed the current Petition on November 29, 2017, over two years after the limitations period had run. Mr. Vieira makes no argument for equitable tolling. Therefore, I find the Petition is time-barred and must be dismissed.

Furthermore, the Petition is completely meritless. Mr. Vieira argues that his plea was "not knowing and unintelligently" given. (Doc. No. 2 at 6.) However, the only support he gives to this argument is one sentence asserting that the "trial court or defense counsel" never advised him of the true nature of the charges against him. (*Id.*) The Petition is devoid of any factual basis to

---

[1] In Arkansas there is no right to appeal an unconditional guilty plea. Ark. R. App. P. -- Crim.1(a).

corroborate such a claim. Even construing Petitioner's claim liberally as a claim of ineffective assistance of counsel, conclusory allegations of ineffectiveness do not warrant relief. *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986). Accordingly, Mr. Vieira's Petition for Writ of Habeas Corpus should be DISMISSED.

### III.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is time-barred. Therefore, no certificate of appealability should be issued.

### IV.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED and the requested relief be DENIED.

      2.      The Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 1) be DENIED as moot.

      3.      A certificate of appealability should not be issued.

DATED this 13th day of December, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE